UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | | |
|---|---|---|
| JANET HALBERT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 7:23-CV-85-REW |
| | ) | |
| FRANK BISIGNANO, | ) | OPINION & ORDER |
| *Commissioner of the Social Security Administration*, | ) ) ) | |
| Defendant. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Plaintiff Janet Halbert appeals the denial of her application for disability insurance benefits (DIB). *See* DE 1 (Complaint).[1] On January 15, 2025, Halbert moved for judgment in her favor following the Commissioner's Answer. *See* DE 26 (Plaintiff's Brief). The Commissioner responded in opposition, requesting affirmance of the underlying Administrative Law Judge (ALJ) decision. *See* DE 27 (Commissioner's Brief). Halbert did not file a reply. The administrative record appears at DE 11 and DE 16 ("R." Administrative Transcript). After reviewing the record, the Court finds the ALJ's determination supported by substantial evidence and compliant with Agency rules and regulations. Accordingly, the Court **DENIES** Halbert's appeal and **AFFIRMS** the DIB denial.

I. **Background**

By way of procedural background, the Court reprints the detailed summary it provided in its earlier preliminary injunction order:

> Halbert is a former client of disgraced Kentucky attorney Eric C. Conn. *See* DE 4-1 at 2. In 2006, with Conn as her lawyer, Halbert applied for disability insurance benefits (DIB) through the Social Security Administration (SSA). *See* R. at 159–63 (2006 Benefits Application). Halbert obtained her sought DIB benefits in 2007 after

---

[1] The Court read the Complaint as charitably as it could. Arguably, Plaintiff made only an ill-fated § 1983 effort. However, given the timing and the context, the Court also construed the filing as invoking SSA review, and the parties then briefed the case accordingly.

> receiving a favorable decision from SSA Administrative Law Judge (ALJ) David Daugherty. *See* R. at 61–69 (2007 ALJ Decision). During this same period, Conn was involved in an unparalleled scheme with Daugherty and four doctors, by which Conn secured benefits for clients based on fraudulent disability applications. *See Hicks v. Comm'r of Soc. Sec.*, 909 F.3d 786, 793 (6th Cir. 2018).
>
> The SSA "first learned about possible wrongdoing" in 2006, "when a senior case technician and a master docket clerk . . . raised concerns that Daugherty was reassigning Conn's cases to himself and rapidly deciding them in the claimants' favor." *Id.* In 2014, the Office of the Inspector General (OIG) identified thousands of applications—all from former clients of Conn—that it "'had reason to believe,' were tainted by fraud." *Id.* at 794. In 2015, with the OIG's consent, the SSA proceeded with redetermination hearings to evaluate the flagged applications. *See id.* This included Halbert. *See* R. at 71–72 (Notice Remanding Case).
>
> Following a redetermination hearing on February 9, 2016, *see* R. at 1606–27 (2016 Hearing Transcript), an ALJ concluded that there was insufficient evidence to find Halbert disabled under the Social Security Act (the Act). *See* R. at 1122–30 (Redetermination Opinion). The Appeals Council denied review of the ALJ's decision, *see* R. at 1139–43 (Notice of Appeals Council Decision), and Halbert sued the Commissioner in federal court. *See* R. at 1147–50 (*Halbert v. Colvin*, No. 7:16-cv-167, at DE 5 (E.D. Ky. Aug. 11, 2016)).
>
> The Court remanded the case in July 2019 to the SSA for a second redetermination hearing, consistent with the Sixth Circuit's decision in *Hicks*. *See* R. at 1151–68 (*Halbert*, No. 7:16-cv-167, at DE 32). Per the Court's order, Halbert's benefits were reinstated until the SSA completed redetermination proceedings. *See* R. at 1168.
>
> In April 2023, an ALJ held a redetermination hearing concerning Halbert's application. *See* R. at 1080–1115 (2023 Hearing Transcript). The hearing mechanics followed *Hicks* and the Agency's implementing AR. The ALJ concluded that Halbert was not disabled from the time of her original disability-onset date (March 31, 2006) through the time of Daugherty's favorable decision (September 5, 2007). *See* R. at 1062–72 (2023 ALJ Decision). As a result of this decision, the SSA ceased Halbert's benefits. *See id.* Upon review, the Appeals Council declined further involvement and upheld the ALJ's decision. *See* R. at 1048–51 (2023 Appeals Council Decision). Halbert then filed suit in this Court, challenging the Appeals Council's decision. *See* DE 1 (Complaint).

*Halbert v. O'Malley*, No. 7:23-cv-85 at DE 24, 2024 WL 5118474, at *1–2 (E.D. Ky. Dec. 16, 2024) (citations to the Administrative Transcript reformatted).

Halbert here challenges only the adequacy of the 2016 decision authored by ALJ John M. Dowling. *See generally* DE 26. Specifically, she argues that Judge Dowling failed to support his decision with substantial evidence, when he afforded minimal weight to the medical opinion of

2

Dr. Ronald Mann. *See id.* at 9. Notably, in crafting this argument, Halbert makes absolutely no reference to or acknowledgment of either (a) the Appeals Council order vacating Judge Dowling's decision, *see* R. at 1173–74, or (b) the 2023 decision rendered by ALJ Robert J. Labrum. *See* R. at 1062–72. Halbert's failure to confront these subsequent developments dooms her brief from the start and precludes the need for further review of the merits of either ALJ decision. Dowling's decision is not under appeal, and Halbert does not in any way impeach the Labrum product.

## II.    Standard of Review

Judicial review of an ALJ's disability determination is a limited and deferential inquiry, turning on the narrow question of whether substantial evidence supports the decision and whether the ALJ properly applied relevant legal standards in reaching it. *See Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405–06 (6th Cir. 2009) (citing *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)); *Jordan v. Comm'r of Soc. Sec.*, 548 F.3d 417, 422 (6th Cir. 2008); *Wilson v. Comm'r of Soc. Sec.*, 783 F. App'x 489, 496 (6th Cir. 2019) (citing *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); *see also* 42 U.S.C. § 405(g) (providing and defining judicial review for Social Security claims) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . .").

Substantial evidence, as a review construct, signals deference, not infallibility. It "is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y of Health & Hum. Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (citing *Kirk v. Sec'y of Health & Hum. Servs.*, 667 F.2d 524, 535 (6th Cir. 1981)); *see also Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004). The Court does "not try the case de novo, resolve conflicts in evidence, or decide questions of credibility." *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007) (citing *Smith v. Hatler*, 307 F.3d 377, 379 (6th Cir. 2001)). Accordingly, the Court will not reverse an ALJ's

findings merely because the record contains evidence supporting a different conclusion—even if said evidence is substantial. *See Warner*, 375 F.3d at 390 (quoting *Wright v. Massanari*, 321 F.3d 611, 614 (6th Cir. 2003)); *Ulman v. Comm'r of Soc. Sec.*, 693 F.3d 709, 713 (6th Cir. 2012) ("If the ALJ's decision is supported by substantial evidence, then reversal would not be warranted even if substantial evidence would support the opposite conclusion."). Rather, the Court must affirm the agency decision if substantial evidence supports it, even if the Court might have decided the case differently if standing in the ALJ's shoes. *See id.*; *Johnson v. Comm'r of Soc. Sec.*, 652 F.3d 646, 648 (6th Cir. 2011).

The ALJ must also faithfully heed agency rules and regulations. An ALJ's failure to properly apply and follow applicable law "denotes a lack of substantial evidence, even where the conclusion of the ALJ may be justified based upon the record." *Cole v. Astrue*, 661 F.3d 931, 937 (6th Cir. 2011); *see also Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 545 (6th Cir. 2004) ("It is an elemental principle of administrative law that agencies are bound to follow their own regulations.").

**III.    Analysis**

The Social Security Act limits judicial review to "'final decision[s] . . . made after a hearing' by the Social Security Administration." *Smith v. Berryhill*, 139 S. Ct. 1765, 1771 (2019) (quoting 42 U.S.C. § 405(g)); *see also id.* at 479 & n.8 (defining "final" hearing); *Maggard v. Comm'r of Soc. Sec.*, No. 7:23-cv-58-KKC, 2024 WL 3497874, at *2 (E.D. Ky. July 22, 2024) ("Review by the Court is limited to determining whether the findings set forth in the *final decision* of the ALJ are supported by 'substantial evidence.'" (emphasis added)).

If "the Appeals Council vacates and remands a decision, the decision is no longer a 'final decision'" under the Act. *Perkins v. Comm'r of Soc. Sec.*, 739 F. Supp. 3d 546, 561 (E.D. Ky. 2024) (alteration cleaned up) (quoting *Janet H. v. Kijakazi*, No. 4:21-cv-11-HBB, 2022 WL

4

3146310, at *4 (W.D. Ky. Aug. 5, 2022)); *see Kearney v. Colvin*, 14 F. Supp. 3d 943, 949 (S.D. Ohio 2014) ("An ALJ's decision on the merits of a disability application does not become final and binding if the Appeals Council vacates that decision and remands the matter for further proceedings." (citing *Wireman v. Comm'r of Soc. Sec.*, 60 F. App'x 570, 570 (6th Cir. 2003))).

Here, the Appeals Council issued an order stating that it "vacates [Judge Dowling's] hearing decision dated February 26, 2016 and remands this case to an Administrative Law Judge for further proceedings." R. at 1174. As a result, Judge Dowling's 2016 determination clearly was not, as to this appeal, a "final decision" for purposes of judicial review—that label instead belongs to the 2023 Judge Labrum decision. Thus, Halbert is not entitled to judicial review of the 2016 determination under § 405(g), and the Court accordingly disregards the portions of her argument pertaining solely to that decision.

Unfortunately for Halbert, her entire brief targets the inapt Dowling decision, which leaves the Court with nothing else to evaluate. Plaintiff's Brief focuses solely on the 2016 decision and makes no arguments regarding the 2023 ruling. The Sixth Circuit "has consistently held that arguments not raised in a party's opening brief . . . are waived." *Kuhn v. Washtenaw Cnty.*, 709 F.3d 612, 624 (6th Cir. 2013) (citing *Caudill v. Hollan*, 431 F.3d 900, 915 n.3 (6th Cir. 2005)); *see Hollon ex rel. Hollon v. Comm'r of Soc. Sec.*, 447 F.3d 477, 490–91 (6th Cir. 2006) ("Hollon has made little effort to develop [her] argument in her brief . . . or to identify any specific aspects of the Commissioner's determination that lack support in the record. Under these circumstances, we decline to formulate arguments on Hollon's behalf, or to undertake an open-ended review of the entirety of the administrative record to determine (i) whether it might contain evidence that arguably is inconsistent with the Commissioner's decision, and (ii) if so, whether the Commissioner sufficiently accounted for this evidence. Rather, we limit our consideration to the particular points that Hollon appears to raise in her brief . . . ."); DE 5 at 2 (General Order No. 22-

15) ("The Court will not undertake an open-ended review of the entirety of the administrative record to find support for the parties' arguments.").

Perhaps if Halbert were proceeding pro se, or if she had acknowledged (and corrected) her failure to address the 2023 decision in reply, the Court might be willing to give some benefit of the doubt in considering initially unraised arguments. However, no such benefit arises here given that Halbert, represented by counsel, declined to file a reply even after the Commissioner explicitly flagged the inapplicability of her initial arguments and her failure to address the 2023 decision. *See* DE 27 at 1–2. This surely waives any challenge(s) to that determination: Halbert ignored the 2023 ruling[2] in her initial brief and then doubled down on that choice by declining to reply to the Commissioner's Brief. This closes the door on assessing the 2023 redetermination in this order.

In short, this leaves the Court with nothing left to review: All arguments related to the 2016 decision are inapt, and the 2023 final decision stands unchallenged. The Court has no duty to conjure from scratch an argument on behalf of a party invoking the Court's jurisdiction. Halbert's claims must fail.[3]

Accordingly, the Court **DENIES** Halbert's appeal (DE 26) and **AFFIRMS** the Agency decision under sentence four of 42 U.S.C. § 405(g). The Court will enter a separate judgment.

This the 30th day of June, 2025.

---

[2] And counsel surely understood the chronology. The Court laid it out in the preliminary injunction order, and Halbert had attached the correct ruling as an Exhibit to the Complaint. *See* DE 1-1.

[3] The Court did, out of an abundance of caution, compare the 2016 Dowling decision with the 2023 Labrum decision. If, for example, Labrum had incorporated or relied on Dowling's prior analysis or had duplicated his thinking on Dr. Mann and the RFC, the Court might have screened the record against Halbert's misplaced arguments. However, the decisions involve distinct analyses, treat the Mann report with very different depth and observations, and simply do not support applying criticisms of Dowling as pass-through criticisms of Labrum. *Compare* R. at 28 (Dowling regarding Mann), *with* R. at 1070 (Labrum regarding Mann). Further, and notably, Dr. Mann was not (contrary to Halbert's suggestions) a treating source. ALJ Labrum carefully parsed the record and provided a detailed set of reasons for assigning "little" weight to Dr. Mann. The reasons, including comparison with the full record, comparison with Halbert's own statements to Mann, and internal inconsistency in Mann's own depictions, are both substantial and without analytical opposition. This fortifies the affirmance of the Commissioner in this case.



Signed By:
*Robert E. Wier*
United States District Judge